**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**UNITED STATES OF AMERICA**

vs.                                      Case No.: 3:12-cr-170-J-34JBT

**TROY LAMORRIS AARON**

_____

# O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion for New Trial, or Judgment of Acquittal and Memorandum of Law (Doc. 90; Motion) filed on July 23, 2013. Following a three-day jury trial beginning on July 8, 2013, see Minute Entries (Docs. 78, 81-82), the jury returned a Verdict (Doc. 87) on July 10, 2013, finding Defendant Troy Lamorris Aaron guilty as to the single Count of the Indictment (Doc. 1).[1] Specifically, the jury found that "on or about January 7, 2012, in Bradford County, in the Middle District of Florida, Troy Lamorris Aaron knowingly and intentionally distributed, caused to be distributed and aided and abetted in the distribution of cocaine . . . ." See Verdict at 1. In the Motion, Aaron requests that the Court grant a new trial or enter a judgment of acquittal pursuant to Rules 29 and 33, Federal Rules of Criminal Procedure (Rule(s)). See Motion at 1. On July 31, 2013, the government filed a response in opposition to the Motion. See United States' Response in Opposition to Defendants' Motion for New Trial or Judgment of Acquittal (Doc. 92; Response). Accordingly, this matter is ripe for review.

---

[1] The Indictment initially charged four Counts. On July 8, 2013, the Court dismissed Counts One, Three, and Four on the government's motion. See Minute Entry (Doc. 78); Motion for Leave to Dismiss Counts of the Indictment (Doc. 56). Accordingly, Aaron proceeded to trial on Count Two alone.

**I.      Summary of the Arguments**

In the Motion, Aaron advances a number of arguments in support of his request for a new trial or judgment of acquittal. First, Aaron contends that "[t]here was not sufficient evidence for the jury to find beyond a reasonable doubt" that he is guilty of the charged offense, and that the Court erred in failing to grant his motion for judgment of acquittal made at the close of the Government's case and at the close of all the evidence. Id. at 1; See Oral Motion for Judgment of Acquittal (Doc. 80; Rule 29(a) Motion); Minute Entry (Doc. 81) (taking under advisement Aaron's ore tenus motion for a judgment of acquittal).[2] Next, Aaron argues that he is entitled to a new trial because the "weight of evidence" does not support the jury verdict. Id. at 2. Alternatively, Aaron argues that a new trial is warranted because the Court erred by: (1) denying his request to include his proposed "mere presence" jury instruction, (2) denying his motions for mistrial, and (3) allowing the government to introduce "other acts" evidence, over Aaron's objection. In its Response, the government maintains that the evidence presented at trial is sufficient to support the jury's guilty verdict and that the Court did not err in its rulings. See Response at 3.

**II.     Discussion**

    **A.      Judgment of Acquittal**

Rule 29 provides the Court with authority, where appropriate, to enter a judgment of acquittal following a guilty verdict. Rule 29(c)(2). A motion for judgment of acquittal

---

[2] In the Motion, Aaron argues that the Court also erred in failing to grant the motion for judgment of acquittal made at the close of the evidence. See Motion at 1. However, the record reflects that Aaron made only one oral motion for judgment of acquittal during trial, and that motion followed the close of the government's case-in-chief. See Minute Entry (Doc. 81). For scheduling reasons, the Court did not hear argument on the motion until after the defense rested.

under Rule 29 "is a direct challenge to the sufficiency of the evidence presented against the defendant." United States v. Aibejeris, 28 F.3d 97, 98 (11th Cir. 1994); see also United States v. Ward, 197 F.3d 1076, 1079 (11th Cir. 1999) ("In considering a motion for the entry of judgment of acquittal under [Rule 29(c)], a district court should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction."). In ruling on such a motion, a district court must "'determine whether, viewing all the evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt.'" United States v. Grigsby, 111 F.3d 806, 833 (11th Cir. 1997) (quoting United States v. O'Keefe, 825 F.2d 314, 319 (11th Cir. 1987)).

Aaron contends that it was error for the Court not to grant his previous motion under Rule 29(a) for judgment of acquittal because there "was not sufficient evidence for the jury to find beyond a reasonable doubt Mr. Aaron, in sum, distributed cocaine or aided and abetted in the distribution of cocaine, as charged in the Indictment." Motion at 1. Beyond this assertion, Aaron provides no additional argument in support of his current request that the Court enter a judgment of acquittal under Rule 29(c). Indeed, Aaron exclusively and expressly relies on "the reasons articulated at trial." Id. at 3. Following the arguments of counsel at trial, the Court, in an abundance of caution, took Aaron's Rule 29(a) Motion under advisement.

During trial, the government produced witness testimony and physical evidence, including video surveillance footage of the transaction at issue, all of which supports the jury's verdict. Significantly, the government presented the testimony of David Prescott, a

confidential informant for the Bradford County Sheriff's Department. Prescott testified that, on the day in question, he made a controlled purchase of cocaine from Aaron, who was working with another individual, Paul Williams. Aaron argued at trial, and again in the Motion, that this evidence is insufficient because the testimony of David Prescott is not credible. In support of this argument, Aaron attempted to impeach the credibility of David Prescott through the testimony of Prescott's acquaintance, Steven Kelley. See Minute Entry (Doc. 81) at 2. Nevertheless, for purposes of ruling on the instant Motion, "all credibility choices are made in the Government's favor." See United States v. Florez, 516 F. App'x 790, 797 (11th Cir. 2013). Thus, viewing the evidence in the light most favorable to the government, as the Court must, the Court finds that the government produced evidence sufficient to allow a reasonable trier of fact to find Aaron guilty beyond a reasonable doubt as to the single Count of the Indictment. Accordingly, to the extent that Aaron prays for entry of a judgment of acquittal, the Court concludes that the Motion is due to be denied.[3]

### B. New Trial

Rule 33(a) provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."[4] Although motions for

---

[3] For purposes of ruling on Aaron's oral Rule 29(a) Motion, the Court considers the sufficiency of the evidence as it stood at the end of the government's case. See United States v. Moore, 504 F.3d 1345, 1348 (11th Cir. 2007); see also Rule 29(b). However, consideration of the evidence presented in the government's case-in-chief alone does not alter the Court's findings, and thus, for the reasons set forth above, the Court will also deny the Rule 29(a) Motion presented at trial.

[4] As the Eleventh Circuit recognized, there are two grounds for granting a new trial under Rule 33: "interest of justice" and newly discovered evidence. See United States v. Hall, 854 F.2d 1269, 1270 (11th Cir. 1988). In this case, the only ground raised in the Motion is the "interest of justice." See Motion at 2-3.

a new trial are disfavored, see United States v. Williams, 146 F. App'x 425, 434 (11th Cir. 2005), the "interest of justice" standard is broad, and the trial court is vested with substantial discretion in determining whether to grant such a motion, see United States v. Vicaria, 12 F.3d 195, 198 (11th Cir. 1994); United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985). Thus, the court considers "whether the verdict must be set aside 'in the interest of justice.'" United States v. Green, 275 F. App'x 898, 899 (11th Cir. 2008) (internal quotations omitted); see also Vicaria, 12 F.3d at 198; Hall, 854 F.2d at 1271 (concluding that the trial "court has very broad discretion in deciding whether there has been a miscarriage of justice"); Martinez, 763 F.2d at 1312.

In this case, Aaron asserts several reasons why the Court should grant him a new trial. See generally Motion. However, upon consideration of all bases urged by Aaron, the Court concludes that he has failed to show that he is entitled to a new trial or that the interests of justice demand that a new trial be granted in this case. Thus, the Court finds that Aaron's request for a new trial is due to be denied.

Notwithstanding this determination, the Court takes this opportunity to make some observations regarding the arguments set forth in the Motion. In paragraph three of the Motion, Aaron contends that the "verdict is against the weight of the evidence." Motion at 2. When a defendant challenges the weight of the evidence in a motion for a new trial, the court "need not view the evidence in the light most favorable to the verdict" and "[i]t may weigh the evidence and consider the credibility of witnesses." Martinez, 763 F.2d at 1312; see also Green, 275 Fed. App'x at 900; United States v. McMahon, No. 8:04-cr-348-T-24TGW, 2007 WL 57778, at *1 (M.D. Fla. Jan. 5, 2007). Yet, "'[t]he court may not reweigh

the evidence and set aside the verdict simply because it feels some other result would be more reasonable.'" Green, 275 F. App'x at 900 (quoting Martinez, 763 F.2d at 1312-13). Indeed, "[f]or a court to set aside the verdict, '[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand.'" Id. (quoting Martinez, 763 F.2d at 1313). Motions for a new trial based on the weight of the evidence are to be granted "'sparingly and with caution,' only in 'exceptional cases.'" Id. (quoting Martinez, 763 F.2d at 1313). Having considered the evidence adduced in this case, the Court cannot conclude that it preponderates heavily against the jury's verdict or that this case is one of those "really exceptional cases" where a new trial should be granted based on the weight of the evidence. See Martinez, 763 F.2d at 1313.

Next, Aaron contends that he should be granted a new trial because the Court erred in failing to give his proposed "mere presence" jury instruction. See Motion at 2. Specifically, Aaron requested that the Court give the following instruction:

> The evidence shows that the Defendant was in the presence of Paul Williams at or near the time that Mr. Williams conducted a drug transaction with the confidential source. The government contends that this evidence proves that the Defendant participated in the transaction, or aided and abetted the transaction.
>
> However, simply being present at the scene of a cocaine transaction or merely associating with a person distributing cocaine is not sufficient to establish that the Defendant participated in the crime of cocaine distribution. The government must prove, beyond a reasonable doubt, that the Defendant voluntarily participated in committing the crime. Otherwise, you should find the Defendant Not Guilty.

See Defendant's Proposed Jury Instructions (Doc. 65), #1. To prevail on this challenge, Aaron must show that his proposed instruction was "(1) correct; (2) not substantially covered by other instructions that were given; and (3) 'so vital that failure to give the

requested instruction seriously impaired the defendant's ability to defend himself.'" United States v. Fallen, 256 F.3d 1082, 1090 (11th Cir. 2001) (quoting United States v. Gonzalez, 122 F.3d 1383, 1388 (11th Cir. 1997)).

The Court declined to give the instruction as requested because the Court found that the "mere presence" legal principle was adequately covered by the Eleventh Circuit Pattern Instruction for Aiding and Abetting, which the Court included as the Court's Jury Instruction Number 17. See Court's Final Jury Instructions (Doc. 86), No. 17; 11th Cir. Pattern Jury Instr. Criminal – Special Instruction 7 (2010 Ed.). Specifically, the Court instructed the jury in relevant part:

> But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it. In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

See Court's Final Jury Instructions (Doc. 86), No. 17. In the Motion, Aaron advances no additional argument or legal authority in support of his position that further instruction on this defense was warranted and relies exclusively on the arguments he made during trial. Having been presented with no explanation or argument as to why the prior ruling is in error, the Court reaffirms its previous decision, and for the reasons expressed on the record during the charge conference, determines that rejection of Aaron's proposed jury instruction number one was entirely appropriate in this case. As such, the Court finds that a new trial is not warranted on the basis set forth in paragraph four of the Motion.[5]

---

[5] The Court notes that Aaron fails to even argue, much less demonstrate, that his ability to defend himself was substantially impaired by the Court's refusal to give the instruction as requested. Fallen, 256 F.
(continued...)

Next, Defendant contends that the Court erred in denying Aaron's two motions for mistrial. The Eleventh Circuit instructs that:

> A mistrial should be granted if the defendant's substantial rights are prejudicially affected. This occurs when there is a reasonable probability that, but for the remarks, the outcome of the trial would have been different. We make this determination in the context of the entire trial and in light of any curative instruction.

United States v. Ulloa, 355 F. App'x 286, 289 (11th Cir. 2009) (quoting United States v. Newsome, 475 F.3d 1221, 1227 (11th Cir. 2007)). Indeed, "[w]hen a curative instruction has been given to address some prejudicial evidence, [a mistrial should be granted] only if the evidence is so highly prejudicial as to be incurable by the trial court's admonition." Id. (quoting United States v. Perez, 30 F.3d 1407, 1410 (11th Cir. 1994)).

During trial, Aaron first moved for a mistrial after the prosecutor asked the investigating officer, Sergeant Thomas Sapp, how he knew the defendant and the officer began to answer that he knew Aaron "from this case and also I've had . . . ," at which point Aaron objected. Aaron argued that the jury could infer from this response that Aaron had prior convictions, however, the Court ruled that the officer's statement was far too fleeting to warrant a mistrial. Aaron also requested a mistral after the officer testified on re-direct examination regarding the number of cases that David Prescott had "made" for the officer. Although the Court had previously instructed the government not to solicit this information from the officer, the government argued that defense counsel had subsequently opened the door to this testimony on cross-examination. At trial, the Court found that the officer's

---

[5](...continued)
3d at 1090.

-8-

statement did not warrant a mistrial, and instead, instructed the jury to disregard the testimony regarding what other cases Mr. Prescott may or may not have made. At this time, Aaron offers no new arguments or legal authority to suggest that the Court's rulings were in error. Accordingly, for the reasons stated at trial, the Court finds that the improper testimony did not prejudicially affect Aaron's substantial rights nor did it affect the outcome of the trial. As such, the Court finds that the two motions for mistrial were properly denied and a new trial is not warranted on the grounds set forth in paragraph 5 of the Motion.

Finally, in paragraph six of the Motion, Aaron avers that the "Court erred by permitting the United States to introduce 404(b)[6] evidence over Mr. Aaron's objection(s), of both his prior convictions and prior bad acts for which there was no evidence other than the testimony of David Prescott." Motion at 2. At trial, the Court permitted the government to introduce evidence that Aaron had two prior convictions for conspiracy to distribute cocaine base as 404(b) evidence admissible for the purpose of showing Aaron's intent. Immediately following the introduction of the foregoing evidence, the Court gave a limiting instruction regarding the use of this evidence. Additionally, in its final instructions to the jury, the Court gave another limiting instruction explaining the limited purpose for which the evidence could be considered. See Court's Final Jury Instructions (Doc. 86), No. 12.

In addition, the Court allowed the government to elicit testimony from David Prescott that he had observed Aaron and Paul Williams selling cocaine to Prescott's friend on prior occasions. The Court found that Prescott's testimony did not fall within the parameters of 404(b) evidence because it was either necessary to complete the story of the crime,

---

[6]See Rule 404(b) of the Federal Rules of Evidence.

inextricably intertwined with the evidence, or both. However, the Court expressed its concern that if the government intended to introduce evidence that this conduct had occurred on fifteen prior occasions, it would become too prejudicial under the 403 analysis. As such, the government agreed to fashion its questions in a manner to avoid any testimony as to the exact number of occasions. Following the introduction of this limited prior acts evidence, in an abundance of caution, the Court instructed the jury that although they heard evidence of acts that Aaron may have committed on prior occasions, he was not on trial for those acts, and was only on trial for the specific acts charged in the Indictment.

Nevertheless, Aaron contends that the Court erred by admitting this evidence. Specifically, Aaron argues that the evidence regarding his prior convictions and prior conduct constitutes improper 404(b) evidence which does not tend to prove any permissible 404(b) purpose. See Defendant's Motion in Limine and Memorandum of Law Regarding the United States' Notice of Intention to Use 'Other Acts' Evidence Pursuant to Rule 404(b) and Notice of Intention to Use 'Other Acts' Evidence 'Outside' of Rule 404(b) (Doc. 52; Motion in Limine) at 3. Aaron further contends that assuming the evidence at issue does "tend to prove one or more of the issues permitted for 404(b) evidence, the marginal probative value of the evidence is 'substantially outweighed by the danger of unfair prejudice and confusion of issues, . . . or needless presentation of cumulative evidence' . . . ." See id. at 3. As it did before, the Court rejects Aaron's 404(b) arguments.

For evidence of extrinsic acts to be admissible under Rule 404(b) of the Federal Rules of Evidence, it must satisfy a three-part test. See United States v. Culver, 598 F.3d

740, 748 (11th Cir. 2010); United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007). First, "it must be relevant to an issue other than defendant's character[.]" Edouard, 485 F.3d at 1344. Second, "there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act(s) in question[.]" See id. Third, "the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must satisfy Rule 403." See id. However, "[e]vidence is not considered 'extrinsic,' and is therefore not barred by Rule 404(b), if it is 'necessary to complete the story of the crime,' or is 'inextricably intertwined with the evidence regarding the charged offense.'" See United States v. Flowers, ___ F. App'x ___, 2013 WL 4046024, at *7 (11th Cir. Aug. 12, 2013) (quoting United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998)).

In addition to being fully briefed on the positions of the parties, see United States' Notice of Intention to Use "Other Act" Evidence (Doc. 35; First Notice); United States' Notice of Intention to Use "Other Act" Evidence (Doc. 51; Second Notice); Motion in Limine; United States' Response to Defendant's Motion in Limine (Doc. 60), the Court heard pre-trial arguments for and against the admission of the contested evidence at a hearing held on July 8, 2013. See Minute Entry (Doc. 77). The Court then issued its rulings denying Aaron's Motion in Limine prior to the introduction of the evidence on July 9, 2013. See Minute Entry (Doc. 81). Aaron raises no new arguments in the Motion. Indeed, he relies solely on "the arguments he made at trial or in pretrial motions." Motion at 3. Thus, for the reasons stated on the record at trial on July 9, 2013, the Court concludes that the evidence was properly admitted, and that the Court's limiting instructions to the jury adequately

safeguarded Aaron's right to a fair trial.  Accordingly, to the extent Aaron seeks a new trial based on the admission of "other acts" evidence, i.e. Aaron's prior convictions, and the prior bad acts testified to by David Prescott, the Court finds that his request is due to be denied.

### III.     Conclusion

In the Motion, Aaron seeks a new trial or entry of a judgment of acquittal.  For the reasons set forth here, the Court finds that the arguments presented in Aaron's Motion are without merit and do not warrant the requested relief.  Accordingly, the Court concludes that the Motion is due to be denied.  Therefore, it is

**ORDERED**:

1. Defendant's Motion for New Trial, or Judgment of Acquittal and Memorandum of Law (Doc. 90) is **DENIED**.

2. Defendant's Oral Motion for Judgment of Acquittal (Doc. 80) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida on November 5, 2013.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record